UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

BRUCE KIRBY, INC.                          )
                                           )
                    Plaintiff,             )        Civil Action No. 3:17-cv-1389
                                           )
        v.                                 )
                                           )        JURY TRIAL DEMANDED
                                           )
                                           )        COMPLAINT FOR FEDERAL
QUARTER MOON, INCORPORATED                 )        TRADEMARK INFRINGEMENT; FALSE
DORY VENTURES LLC                          )        DESIGNATIONS OF ORIGIN AND
LASERPERFORMANCE LLC and                   )        UNFAIR COMPETITION; FEDERAL
FARZAD RASTEGAR,                           )        TRADEMARK DILUTION; UNFAIR
                                           )        COMPETITION UNDER CT UNFAIR
                                           )        TRADE PRACTICES ACT; COMMON
                                           )        LAW TRADEMARK INFRINGEMENT;
                    Defendants.            )        UNJUST ENRICHMENT
                                           )
_____)


## COMPLAINT

Plaintiff Bruce Kirby, Inc. ("Plaintiff" or "BKI") for its Complaint against Defendant

Quarter Moon, Incorporated, Defendant LaserPerformance LLC, Defendant Dory Ventures LLC,

and Defendant Farzad Rastegar (individually or collectively, "LP"), alleges as follows:

### Introduction

1.      This is an action for trademark infringement, unfair competition, and dilution in

violation of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq*., as amended; 15 U.S.C. § 1114;

15 U.S.C. § 1125; common law trademark; unjust enrichment; and state unfair competition in

violation of the Connecticut Unfair Trade Practices Act against LP for the commercial use and

exploitation of the BRUCE KIRBY ® trademark  on or in connection with the offer and

provision of goods and/or services.

2.      Plaintiff brings this action to protect its reputation as an innovator in boat design, prevent deception of the consuming public by LP, and to retain control over the substantial goodwill associated with its trademark.

3.       Plaintiff hereby seeks (1) injunctive relief against LP's continued unauthorized and improper commercial use and exploitation of any trademark confusingly similar to Plaintiff's trademark; and (2) all damages arising from LP's past and present infringement, including all statutory damages, and Plaintiff's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## Parties

4.      Plaintiff BKI is a Connecticut Corporation having a place of business at 213 Rowayton Avenue, Rowayton, Connecticut  06853.

5.      On information and belief, Defendant Quarter Moon, Incorporated, is a Rhode Island Corporation having a place of business at 200 Highpoint Avenue, Portsmouth, Rhode Island 02871. Upon information and belief, Quarter Moon, Incorporated has regularly conducted business in Connecticut by selling boats and boat parts throughout the state.

6.      On information and belief, Defendant Dory Ventures LLC is a Delaware Corporation having places of business at 10 Marshall Street, Norwalk, Connecticut 06854 and 25 Van Zant Street, Norwalk, Connecticut 06855.

7.      On information and belief, Defendant LaserPerformance LLC is a Delaware corporation having places of business at 30 Railroad Ave, West Haven, Connecticut 06516 and 25 Van Zant Street, Norwalk, Connecticut 06855.

8.      On information and belief, Defendant Farzad Rastegar is an individual having residence at 30 Broad Street, Weston, Connecticut, 06883 United States, and has places of

business in Connecticut at 25 Van Zant Street, Norwalk, CT 06855 and 125 Main Street, Westport, Connecticut 06880 and 4 Testa Place, Norwalk, Connecticut 06854.

9.      Upon information and belief, LP is doing business through the website http://shopna.laserperformance.com/.

### Jurisdiction and Venue

10.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338 over the federal trademark infringement, trade dress infringement, unfair competition, and dilution claims, which arise under the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*

11.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367 over the common law trademark infringement claim, common law trade dress infringement claim, and state unfair competition claim.

12.     Personal jurisdiction over LP is vested in the United States District Court for the District of Connecticut pursuant to Conn. Gen. Stat. § 52-59b.

13.     On information and belief, this Court has jurisdiction over LP because it does business in Connecticut.

14.     On information and belief, this Court has jurisdiction over LP by virtue of its systematic and continuous contacts with Connecticut, or because LP has (1)  transacted and done business in Connecticut, (2) solicited consumers in this District, (3) offered to sell or has sold goods in this District, (4) committed a tortious act within the state, (5) committed a tortious act outside the state causing injury within the state and (a) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (b) expects or reasonably expects its tortious act to have consequences in the state and derives substantial revenue form interstate or

international commerce, (6) has websites and social media accounts that are accessible in this

District.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

because a substantial part of the wrongful events giving rise to this action took place in this

District and Plaintiff has suffered harm in this District.

### Facts Common to All Claims For Relief

**A.     Plaintiff's Well-Known Trademark.**

16.     Plaintiff owns trademark rights in "Kirby" and "Bruce Kirby" ("Plaintiff's

Mark").

17.     Plaintiff is the owner of the U.S. Trademark Registration for BRUCE KIRBY ®

for use in connection with "Boats," Trademark Registration No. 3,532,451, and duly registered

on November 11, 2008.  The registration is valid and subsisting. A printout of the registration

from the USPTO website establishing status and title is set out in **Exhibit A**, which is

incorporated herein by reference.

18.     Plaintiff and its affiliates by themselves and through predecessors in interest have

been using the BRUCE KIRBY trademark in connection with boats since at least as early as July

1983. Plaintiff's Mark is uncontestable for this use.

19.     Plaintiff is in the business of designing boats. As a result of extensive work in the

field of boat design, Plaintiff has developed a reputation for high quality boat designs. Plaintiff is

widely recognized in the boating community, both in the United States and throughout the world.

The public has come to recognize that the boats that bear the Kirby name are manufactured

according to the most exacting standards. The Kirby name indicates to customers that Plaintiff

has designed the boat in question. Use of the Kirby name in direct association with boats

signifies the highest quality of manufacture and design.

20.     Plaintiff has actively promoted Plaintiff's Mark and associated it with sophisticated, high-quality boats.

21.     Plaintiff's use of Plaintiff's Mark in Connecticut, the United States, and throughout the world has made Plaintiff's Mark famous and strong, symbolizing and identifying the high-quality services and products provided by Plaintiff.

**B.     LP's infringing activities.**

22.     On information and belief, LP is a manufacturer, distributor and seller of boats.

23.     On information and belief, Defendant Rastegar is an executive director and/or managing member and/or sole owner of Defendant Dory Ventures LLC.

24.     On information and belief, Defendant LaserPerformance LLC is a subsidiary of Quarter Moon, Incorporated.

25.     On information and belief, Defendant Dory Ventures LLC is a consultant for Defendant Quarter Moon, Incorporated and/or Defendant LaserPerformance LLC.

26.     On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC controls LP.

27.     On information and belief, LP markets and distributes boats to the boating community and to those interested in boating and sailing in general and, as such, LP's target consumers are the same as Plaintiff's.

28.     Long after Plaintiff's adoption and first use of Plaintiff's Mark in connection with boats, LP started to use Plaintiff's Mark, or a mark confusingly similar thereto, without authorization from Plaintiff, in connection with boats, including but not limited to fishing boats (the "Infringing Goods"):



Aluminum fishing boat complete with oars, net and 6'10" medium heavy fishing rod/reel combo.

Retrieved from the website http://shopna.laserperformance.com/kirby-fishing-set/ and last

accessed August 16, 2017; see also **Exhibit B**, screenshots from LP's website promoting and

offering for sale the Infringing Goods, which is incorporated herein by reference.

      29.      On information and belief, LP markets and sells the Infringing Goods through its

physical sales and its operation of an interactive website, available at

http://shopna.laserperformance.com/. LP's website is publically accessible to consumers in

Connecticut and those throughout the U.S.

      30.      On information and belief, to date, LP continues to use, without authorization

from Plaintiff, Plaintiff's Mark, or a mark confusingly similar thereto, in connection with the

Infringing Goods, including the following infringing mark ("the Infringing Mark"):





31.     LP has had notice of Plaintiff's Mark for years. Defendant Rastegar and Defendant Quarter Moon Incorporated were previously involved in a lawsuit filed in 2013 regarding Plaintiff's Mark: Bruce Kirby, et. al. v. LaserPerformance ("Europe") Limited, et. al., Case No. 3:13-cv-00287 JAM ("the '297 action").

32.     LP had notice of Plaintiff's Mark well before the '297 action was initiated.

33.     As recently as June 21, 2017, the Court in the '297 action determined that Plaintiff had standing to assert rights under Plaintiff's Mark because Plaintiff's ownership of Plaintiff's Mark was undisputed. Upon information and belief, LP began marketing and selling the Infringing Goods bearing the Infringing Mark soon after the Court made this determination in order to willfully and intentionally interfere with Plaintiff's trademark rights.

34.     LP is not now, nor has it ever been associated, affiliated, or connected with or endorsed or sanctioned by Plaintiff.

35.     On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC controls and dictates the actions of LP including, but not limited to, LP's actions in building, manufacturing and selling the Infringing Goods bearing the Infringing Mark without Plaintiff's authorization.

36.     On information and belief, Defendant Rastegar and/or Defendant Dory Ventures

LLC has exercised his control and domination over LP to cause injury to Plaintiff. Defendant Rastegar and/or Defendant Dory Ventures LLC speaks and acts on behalf of LP such that there is a unity of interest and ownership between Defendant Rastegar and/or Defendant Dory Ventures LLC and LP that extinguishes and prohibits any independence between the parties.

37.    On information and belief, Defendant Rastegar conducts business on behalf of LP via his personal email address, farbcal@hotmail.com.

38.    On information and belief, Defendant Rastegar channels communications from and to LP through his personal email address.

39.    On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC has no mind or will apart from LP such that adherence to separate identities would only serve to defeat justice and public convenience.

40.    On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC acts on behalf of LP including, but not limited to, making business decisions such as offers for large-scale acquisitions or addressing international governing entities of sailing.

41.    On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC controls the finances, policies and business practices of LP and its decision to market and sell the Infringing Goods and use the Infringing Mark.

42.    On information and belief, Defendant Rastegar and/or Defendant Dory Ventures LLC exercised control over LP to willfully infringe Plaintiff's Mark. Defendant Rastegar and/or Defendant Dory Ventures LLC thereby caused the unlawful activity of LP that caused Plaintiff harm.

43.    On information and belief, Defendant Rastegar controls and dictates the actions of LP via his position with Defendant Dory Ventures LLC.

44.     Plaintiff is not able to monitor, enforce, or maintain its quality control standards on the Infringing Goods that LP is offering for sale and selling.

45.     In view of the similarities between Plaintiff's Mark and the Infringing Mark, and the fact that LP's Infringing Goods relate to Plaintiff's target consumers, there is a likelihood that LP's products are seen as being sponsored or affiliated with Plaintiff.

46.     The Infringing Mark so resembles Plaintiff's Mark as to be likely to cause confusion, or to cause mistake, or to deceive as to the source of the identified goods within the meaning of Section 2(d) of the Lanham Act.

47.     LP's activities have harmed and continue to harm Plaintiff and its intellectual property, which Plaintiff has spent substantial time and investment to develop.

48.     The use of the Infringing Mark has damaged Plaintiff by causing a likelihood of confusion.

49.     LP's use of the Infringing Mark in the manner described herein creates the wrongful impression that LP's goods originate from Plaintiff or that such goods are authorized, sponsored or approved by Plaintiff even though they are not. This confusion causes irreparable harm to Plaintiff and Plaintiff's Mark.

50.     LP has been and/or will continue to be unjustly enriched by the illegal infringement and misappropriation of Plaintiff's Mark for its own financial gain. Additionally, LP has been unfairly benefited and has profited from Plaintiff's outstanding reputation for high quality boats, as well as Plaintiff's significant advertising and promotion of its goods and the goodwill that has developed in Plaintiff's Mark for decades.

51.     LP's use of the Infringing Mark has caused irreparable harm to Plaintiff.

52.     LP's acts are willful and deliberate and therefore this case constitutes an

exceptional case under 15 U.S.C. § 1117(a).

53.    Upon information and belief, LP's acts will continue unless enjoined by this Court.

54.    Plaintiff has no adequate remedy at law.

**COUNT I**
**Trademark Infringement Under**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114**

55.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

56.    Plaintiff's Mark and the goodwill of the business associated therewith in the United States and throughout the world are of great and significant value, and are highly distinctive of Plaintiff's goods and services.

57.    LP's actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of LP's goods and services, and are likely to deceive the public into believing that the goods and services offered and sold by LP originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill, and business.

58.    LP willfully began marketing and selling the Infringing Goods bearing the Infringing Mark to intentionally infringe with Plaintiff's trademark rights.

59.    LP's actions constitute trademark infringement of Plaintiff's federally-registered trademarks, the full extent of which is presently unknown but is substantial. This has caused damage to Plaintiff and the substantial business and goodwill symbolized by Plaintiff's Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     LP's actions described above, including the unauthorized use of marks substantially similar to Plaintiff's Mark in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, to Plaintiff's Mark, and to the business and goodwill represented thereby, leaving Plaintiff with no adequate remedy at law.

**COUNT II**
**Federal Trademark Infringement and Unfair Competition**

61.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

62.     This claim is against LP for trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Upon information and belief, LP has used, is using, and intends to continue using now and in the future in commerce the Infringing Mark for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of LP with Plaintiff.

64.     Upon information and belief, LP's use of the Infringing Mark for the offer and provision of goods and services has likely caused and will continue to cause confusion of the relevant public and trade.

65.     Plaintiff has been and will continue to be damaged by the confusion, mistake, and deception caused by LP's use of the Infringing Mark.

66.     Any defect, objection to or fault found with LP's goods and/or services sold or provided under the Infringing Mark would necessarily reflect on and seriously injure the reputation Plaintiff has established for its marks and business.

67.     Plaintiff does not and has never consented to or authorized LP's adoption or

commercial use of the Infringing Mark for the aforementioned goods and/or services.  LP

therefore has infringed and is infringing Plaintiff's Mark in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. §1125(a).

68.     Upon information and belief, at all times relevant to this action, including when

LP first adopted the Infringing Mark and commenced commercial use of the Infringing Mark on

the aforementioned goods and/or services, LP knew of the prior adoption and widespread

commercial use of Plaintiff's Mark, and LP knew of the valuable goodwill and reputation

acquired by Plaintiff in connection with Plaintiff's Mark. LP's infringement of the Plaintiff's

Mark is therefore willful.

69.     Upon information and belief, LP's use of the Infringing Mark has caused

confusion and mistake and the deception of purchasers as to the source of origin of LP's

infringing goods and/or services.  Because of the confusion as to the source caused by LP's

unauthorized use of the Infringing Mark, Plaintiff's valuable goodwill, developed at great

expense and effort by Plaintiff, is being irreparably harmed and is at risk of further damage.

70.     LP's infringement will continue unless enjoined by the Court.

### COUNT III
### Federal Trademark Dilution

71.     Plaintiff repeats and realleges each and every allegation in the foregoing

paragraphs as if fully set forth herein.

72.     This claim is against LP for trademark infringement in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(c).

73.     As a result of the duration and extent of use of Plaintiff's Mark by Plaintiff, the

duration and extent of the advertising and publicity of Plaintiff's Mark, the geographical extent

of the same, the superior quality of Plaintiff's goods and services, and the degree of recognition

of Plaintiff's Mark, Plaintiff's Mark has achieved an extensive degree of distinctiveness and is a famous trademark.

74.    As a result of LP's use of the Infringing Mark in interstate commerce, which use is likely to be associated with Plaintiff's Mark, LP is diluting the distinctive quality of Plaintiff's Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

75.    Plaintiff will suffer irreparable harm should LP's infringing acts be allowed to continue to the great detriment of Plaintiff's reputation and goodwill.

### COUNT IV
### Common Law Trademark Infringement

76.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

77.    This claim is against LP for common law trademark infringement.

78.    In addition to the federal registrations owned by Plaintiff, as set forth above, Plaintiff's Mark enjoys common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights that LP may claim.

79.    LP's use of the Infringing Mark is intentionally designed to mimic Plaintiff's Mark so as to cause confusion regarding the source of LP's goods and services in that purchasers thereof will be likely to associate or have associated such products with, as with originating with, or as approved by Plaintiff, all to the detriment of Plaintiff.

80.    LP's infringement will continue unless enjoined by the Court.

### COUNT V
### Unfair Competition under Connecticut Law

81.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

82.     LP's acts as described above constitute unfair competition in violation of Conn. Gen. Stat. § 42-110 (the Connecticut Unfair Trade Practices Act).

83.     LP's use of the Infringing Mark is likely to and does permit LP to palm off their goods as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of LP. LP has further palmed off its goods as Plaintiff's by its misrepresentations to the consuming public, members of whom are likely to and do believe LP's goods emanate from or are associated with Plaintiff.

84.     LP's acts permit and accomplish confusion, mislead and deceive the public as to the source of LP's goods, permit and accomplish palming off of LP's goods as Plaintiff's and falsely suggests a connection with Plaintiff, thus constituting unfair competition with Plaintiff in violation of Connecticut law. These acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## Unjust Enrichment

85.     Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

86.     LP has usurped for itself revenue and property rights belonging to Plaintiff for the purpose of enhancing the commercial value of its own business.

87.     As a direct and proximate result of LP's actions, LP has been unjustly benefited, did not pay Plaintiff for the benefits, and Plaintiff has suffered, and will continue to suffer, loss of profits and injury by virtue of LP's conduct.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     That judgment be entered in favor of Plaintiff and against LP on each and every

Count in this Complaint;

      B.     For entry of an order and judgment enjoining LP, its officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, during the pendency of this action and permanently thereafter from:

         i.     advertising, marketing, promoting, selling or otherwise offering for sale any goods or services that are confusingly similar to Plaintiff's Mark, bearing Plaintiff's Mark or any derivation or colorable imitation thereof, or any mark confusingly similar thereto;

        ii.     making or employing any commercial use of Plaintiff's Mark, any derivation or colorable imitation thereof, or any mark confusingly similar to Plaintiff's Mark;

       iii.     using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that LP's goods or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiff;

       iv.     doing any other acts or things calculated to confuse or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by LP come from Plaintiff, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiff;

       v.     otherwise competing unfairly with Plaintiff in any manner; and

       vi.     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (v), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set

forth in subparagraphs (i) through (v);

C.      Direct LP to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which LP has complied with any injunction which the Court may enter in this action.

D.      Direct LP to account to Plaintiff for LP's profits and order that Plaintiff recover its damages arising out of the acts of deception and infringement described above, and a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and/or (b) and other applicable law;

E.      Award Plaintiff punitive damages on account of LP's gross, wanton, willful, and malicious conduct;

F.      Direct LP to deliver up for destruction any and all guarantees, circulars, price lists, labels, brochures, business cards, signs, prints, packages, wrappers, pouches, advertising matter, promotional, and other materials in the possession or control of LP bearing Plaintiff's Mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from Plaintiff's Mark, in accordance with 15 U.S.C. § 1118;

G.      Award Plaintiff its reasonable attorney's fees along with the costs and disbursements incurred herein as a result of LP's intentional and willful infringement, pursuant to 15 U.S.C. § 1117, the CUTPA and other applicable law and restitution and/or disgorgement of all revenue, earnings, profits, compensation, and benefits that may have been obtained by LP as a result of its unlawful and/or fraudulent actions and practices;

H.      Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

August 16, 2017                    /s/ Wesley W. Whitmyer, Jr.
Date                               Wesley W. Whitmyer, Jr., ct03509
                                   Walter B. Welsh, ct01220
                                   Benjamin N. Luehrs (*pro hac vice pending*)
                                   WHITMYER IP GROUP LLC
                                   600 Summer Street
                                   Stamford, CT  06901
                                   Tel. 203 703-0800
                                   Fax 203-703-0801
                                   Email: litigation@whipgroup.com
                                        wwelsh@whipgroup.com
                                        bluehrs@whipgroup.com

                                   *Attorneys for Plaintiff*