UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE KIRBY, INC.,
    *Plaintiff*,

v.                                                                No. 3:17-cv-01389 (JAM)

QUARTER MOON, INC., *et al.*,
    *Defendants*.

**ORDER DENYING MOTION TO DISMISS**

Plaintiff alleges that four defendants used a website to market a product called the "Kirby fishing set" in violation of its registered trademark in the name BRUCE KIRBY®.[1] Defendants have moved to dismiss on grounds that the complaint indiscriminately lumps all four defendants together and fails to describe the actions of each defendant. For the reasons set forth below, I will deny the motion to dismiss.

**BACKGROUND**

Plaintiff has filed various trademark and unfair competition claims against four defendants: Quarter Moon, Incorporated (QMI), Dory Ventures LLC (Dory), LaserPerformance LLC, and Farzad Rastegar. The complaint refers to all four defendants collectively as "LP." Plaintiff alleges that LP has marketed and sold infringing goods using the "Kirby" name. Plaintiff alleges that defendants are closely integrated with one another and operate in concert with one another as to all of the claims. For example, plaintiff alleges that Farzad Rastegar acts though his consulting company, Dory Ventures, and uses Dory to exercise control over QMI and LaserPerformance, LLC. Plaintiff brings all of the claims in its complaint against all defendants.

---

[1] Most of the parties in this case have long been involved in another related and consolidated lawsuit before this Court. *See Bruce Kirby, Inc. v. Laserperformance (Europe) Ltd.*, No. 3:13-cv-00297.

1

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because a court should focus on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, the Court's role is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

Defendants argue that the complaint should be dismissed because in engages in impermissible "group pleading" in violation of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 pleading is "extremely permissive" and requires a plaintiff to give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Rule 8 "does not demand that a complaint be a model of clarity" so long as it "give[s] each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford,* 10 F. App'x 33 (2d Cir. 2001) (citation and quotations omitted). Moreover, "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, 2014 WL 354676, at *4 (D. Conn. 2014).

It is true that the complaint here often refers to all four defendants collectively as LP. Nonetheless, in the particular factual context of this case involving the posting of allegedly infringing information on a website that is not peculiarly and facially traceable to any one defendant and in light of well-pleaded facts about the prior association of the four defendants, I conclude that the complaint furnishes adequate notice for initial pleading purposes of plaintiff's claim of wrongdoing. *See Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, 2018 WL 3094916, at *23-24 (S.D.N.Y. 2018) (denying motion to dismiss claims against three corporate defendants who were lumped together in complaint); *see also Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co., Ltd.*, 2015 WL 4040882, at *4 (S.D.N.Y. 2015) (denying motion to dismiss for trademark-related claims under Rule 8 where plaintiff referred to 24 defendants collectively in complaint).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Doc. #22) is DENIED. It is so ordered.

Dated at New Haven this 27th day of July 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge