# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

BRUCE KIRBY, INC.

    Plaintiff,

vs.

QUARTER MOON, INCORPORATED,
DORY VENTURES LLC
LASERPERFORMANCE LLC and
FARZAD RASTEGAR,

    Defendants.

Civil Action No. 3:17-CV-01389-JAM

## SUPPLEMENTAL REPORT OF PARTIES' PLANNING MEETING
## PURSUANT TO FED. R. CIV. P. 26(f)

Date Original Complaint Filed: August 16, 2017

Date Complaint Served on Quarter Moon, Incorporated ("Quarter Moon"): August 30, 2017

Date Complaint Served on Dory Ventures LLC ("Dory"): August 30, 2017

Date Complaint Served on LaserPerformance LLC ("LaserPerformance"): August 30, 2017

Date Complaint Served on Farzad Rastegar ("Rastegar"): August 30, 2017

Date of Appearance for Quarter Moon: September 27, 2017

Date of Appearance for Dory: September 27, 2017

Date of Appearance for LaserPerformance: September 27, 2017

Date of Appearance for Rastegar: September 27, 2017

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, an initial conference was held on October 25, 2017. The participants were:

- Walter B. Welsh, of Whitmyer IP Group LLC for Plaintiff.
- Benjamin N. Luehrs, of Whitmyer IP Group LLC for Plaintiff.
- Simon Allentuch, of Neubert Pepe & Monteith, P.C. for Defendants.

In addition, pursuant to the Court's Order dated July 30, 2018, (Dkt. 41), another conference was held on August 7, 2018. The participants were:

- Benjamin N. Luehrs, of Whitmyer IP Group LLC for Plaintiff.
- Doug Skalka, of Neubert Pepe & Monteith, P.C. for Defendants.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A. Subject Matter Jurisdiction: This is a civil action arising under the trademark laws of the United States, Title 15, U.S.C. Sections 1051 *et seq.*, as amended (hereinafter the "Lanham Act"), §§ 1114 and 1125. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1338, and 1367.

B. Personal Jurisdiction: Plaintiff has alleged that personal jurisdiction over Defendants Quarter Moon, Dory, LaserPerformance, and Rastegar (collectively, "Defendants") is vested in the United States District Court for the District of Connecticut pursuant to Conn.

Gen. Stat. § 52-59b. Plaintiff has further alleged that Defendants have established requisite minimum contacts with Connecticut to vest personal jurisdiction in this Court by, *inter alia*, transacting business within Connecticut, offering to sell and selling goods in Connecticut, having websites and social media accounts that are accessible in Connecticut, committing tortious acts causing injury to a person within Connecticut, and owning real property within Connecticut.

No Defendant has challenged personal jurisdiction.

### III. Brief Description of the Case

    *A.    Plaintiff's Case:*

    1.    Following years of litigation concerning the BRUCE KIRBY® trademark between Plaintiff and Rastegar's companies, (*see* Bruce Kirby, et. al. v. LaserPerformance ("Europe") Limited, et. al., Case No. 3:13-cv-00297 JAM ("the '297 action")), Defendants have (again) willfully infringed Plaintiff's trademark rights. Soon after Judge Meyer determined in the '297 action that Plaintiff owns the BRUCE KIRBY® trademark, Plaintiff became aware of Defendants' marketing and offer to sell a "Kirby" fishing boat on Defendants' website, http://shopna.laserperformance.com/. The "Kirby" fishing boat was marketed and offered for sale in order to willfully and intentionally interfere with Plaintiff's trademark rights.

    2.    Plaintiff has learned since filing the Complaint that Defendants removed the "Kirby" fishing boat from the LaserPerformance website. Plaintiff further understands that Defendants have neither sold "Kirby" fishing boats nor have an intention of selling such boats in the future. Accordingly, Plaintiff's case requires only minimal discovery, and Plaintiff is prepared to bring its case to trial on an expedited schedule.

    3.    The interests of equity and judicial economy dictate that the present action should be consolidated with the '297 action. Both actions involve common parties and common

questions of law and fact. Quarter Moon is a named defendant in the '297 action. LaserPerformance is a subsidiary of Quarter Moon. Rastegar was initially named as a defendant in the '297 action and was later deposed in the '297 action. The BRUCE KIRBY® trademark is at issue in both cases. Moreover, Defendants' offer to sell the "Kirby" fishing boat evidences Defendants' state of mind concerning Plaintiff's trademark claims in the '297 action. In addition, numerous witnesses, including Farzad Rastegar and William Crane, will likely testify in both this action and the '297 action.

4. Consolidation is further warranted because the Court recently consolidated another related case with the '297 action. On July 12, 2017, Global Sailing Limited filed a complaint against a number of defendants, including Quarter Moon. (*See* Global Sailing Limited v. Rastegar et al., Case No. 3:17-cv-1158-JAM ("the '1158 action"). Global Sailing Limited's claims are substitutes for Plaintiff's original claims in the '297 action. (*See, e.g.,* '297 action, Dkt. 312.) The Court consolidated the '1158 action with the '297 action on October 6, 2017. (*See* '297 action, Dkt. 321.)

5. On November 9, 2017, Global Sailing Limited filed an Amended Complaint, which again included claims against Quarter Moon.

6. Because substantial discovery into Global Sailing Limited's claims has already occurred pursuant to the '297 action, the '1158 action also requires only limited discovery.

7. Plaintiff intends to file a motion to consolidate the above-captioned matter with the '297 action. Defendants intend to oppose the motion.

    B.    *Defenses and Claims of Defendants:*

The Defendants are investigating their defenses at this time. However, Defendants submit that (1) the trademark is not valid; (2) the Plaintiff has sued many parties that have nothing to do

with the claims in this case and its representations above are not accurate; and (3) the Kirby fishing set relates to the Kirby hook, one of the most common hooks used in fishing, and the product consists of a parody.

Counsel for the Defendants believe that extensive discovery is required concerning the use of the trademark and its validity. The Defendants also note that only one of them is a party in the '297 action, and that the claims asserted in this action are separate and distinct from the claims asserted in the '297 action. The Defendants contend that the actions should not be consolidated.

**IV.  Statement of Undisputed Facts**:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that they are unable to agree on undisputed material facts.

**V.  Case Management Plan:**

*A.  Standing Order on Scheduling Civil Cases*

The parties **request** modification of the deadlines in the Standing Order on Scheduling in Civil Cases:

In light of Plaintiff's request for consolidation, Plaintiff requests that the schedule in the present action track with the schedule of the '297 action, including any expedited discovery schedule. Plaintiff seeks:

Amended pleadings due: Commensurate with the September 15, 2018 deadline in the '297 action.

Discovery due: Commensurate with the November 30, 2018 deadline in the '297 action.

Dispositive motions due: Commensurate with the December 30, 2018 deadline in the '297

action.

Defendants oppose the Plaintiff's consolidation as it would unduly complicate the trial of both cases and state that the cases do not arise from a common nucleus of operative fact and involve many different parties. Defendants request the following schedule: pleading responses due by September 15, 2018; discovery completed by January 25, 2018; and dispositive motions due by February 25, 2019.

    *B.*    *Scheduling Conference with the Court*

The parties do **not request** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    *C.*    *Early Settlement Conference*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, but do not believe settlement can be achieved.

2. The parties **do not request** an early settlement conference.

3. The Plaintiff prefers a settlement conference with **the presiding judge.**

The Defendants prefer a settlement conference before P.J.O. Hawkins who already conducted an initial mediation between the parties.

4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    *D.*    *Joinder of Parties and Amendment of Pleadings*

1. Plaintiff requests that it should be allowed until the commensurate September 15, 2018 deadline in the '297 action to file motions to join additional parties and/or amend the pleadings.

2. The Defendants also submit that it should be allowed until September 15, 2018 to file motions to join additional parties and/or amend the pleadings.

*E. Discovery*

1. The Plaintiff anticipates that limited discovery will be needed on the following subjects:

- **Defendants' marketing and offer to sell the "Kirby" fishing boat**
- **likelihood of confusion**

The Defendants anticipate that they will need discovery on the sales practices of so called Bruce Kirby products and the use of the Bruce Kirby trademark.

2. Plaintiff contends that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be completed by the November 30, 2018 discovery deadline in the '297 action.

The Defendants agree that fact discovery should be commenced immediately but believes that discovery should be conducted in phases.

3. Plaintiff requests that discovery **will not** be conducted in phases.

4. Plaintiff requests that Discovery will be completed commensurate with the November 30, 2018 deadline in the '297 action**.**

The Defendants propose that Discovery be completed by January 25, 2019.

5. The parties anticipate that the Plaintiff will require a total of 1-3 depositions of fact witnesses and that the Defendants will require a total of 5-10 depositions of fact witnesses, depending on the scope of Plaintiff's use of the trademark.

Plaintiff states that the depositions will commence immediately and will be completed by the November 30, 2018 discovery deadline in the '297 action.

The Defendants also state that depositions will commence immediately and end on January 25, 2019.

6. Plaintiff states that it **will not** request permission to serve more than 25 interrogatories.

The Defendants also state that they not will request permission of the Court to serve more than 25 interrogatories.

7. Plaintiff **does not intend** to call expert witnesses at trial.

8. The Defendants **intend** to call expert witnesses at trial.

Plaintiff contends that the Defendants should designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2018. Depositions of such experts will be completed by the November 30, 2018 discovery deadline in the '297 action.

Assuming Plaintiff does not declare an expert witness, Defendants will designate their experts with reports by November 16, 2018. Depositions will be completed by January 25, 2019.

9. Plaintiff contends that a damages analysis will be provided by any party who has a claim or counterclaim for damages by September 30, 2018.

Defendants also contend that the damages analysis will be due by September 30, 2018.

10. The undersigned have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production:

(a) the party claiming privilege shall give written notice of the privilege;

(b) the party who has received the document shall return or delete all copies of the document within ten (10) days;

(c) If the party who received the document believes the claim of privilege is improper, it shall promptly institute a telephonic discovery conference with chambers and can adjourn return and deletion of the document until after a telephonic discovery conference is held.

F. *Dispositive Motions*

Plaintiff contends that dispositive motions will be filed by the commensurate December 30, 2018 deadline in the '297 action. Any responses to dispositive summary judgment motions shall be filed within 30 days thereafter by January 29, 2019.

Defendant contends that the summary judgment deadline should be February 25, 2019 and any responses to summary judgment motions shall be filed by March 25, 2019.

### G. Joint Trial Memorandum

Plaintiff contends that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the commensurate deadline in the '297 action, specifically 30 days after the close of discovery on December 30, 2018, or within 30 days of the Court's ruling on dispositive summary judgment motions, whichever date is later.

Defendants contend that the joint trial memorandum shall be filed by February 25, 2019 or thirty days following the decision on the last summary judgment motion decided, whichever is later.

## VI. TRIAL READINESS

The Plaintiff contends that the case will be ready for trial by the commensurate trial date in the '297 action. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

The Defendants contend that the case will be trial ready thirty days after the joint trial memorandum is filed.

Respectfully submitted,

PLAINTIFF,
BRUCE KIRBY, INC.

*/s/ Walter B. Welsh*
Wesley W. Whitmyer, Jr., ct03509
Walter B. Welsh, ct01220
Benjamin N. Luehrs (*pro hac vice pending*)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Tel. 203 703-0800
Fax 203-703-0801
Email: litigation@whipgroup.com
      wwelsh@whipgroup.com
      bluehrs@whipgroup.com

*Attorneys for Plaintiff*

DEFENDANTS,
QUARTER MOON, INC.,
DORY VENTURES LLC
LASERPERFORMANCE LLC, AND
FARZAD RASTEGAR.

*/s/ Douglas S. Skalka*
Douglas S. Skalka (ct00616)
Peter T. Fay (ct08122)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510
Tel: (203) 821-2000
Fax: (203)821-2009
dskalka@npmlaw.com
pfay@npmlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, a copy of foregoing SUPPLEMENTAL REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FED. R. CIV. P. 26(f) was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

August 10, 2018                            */s/ Joan M. Burnett*
Date                                                               Joan M. Burnett